IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| ZF Lemforder Corporation, | ) | |
| | ) | C.A. No. 7:08-3436-HMH |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Röchling Automotive Duncan, L.L.P., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the court's sua sponte review of subject matter jurisdiction over the instant action. ZF Lemforder Corporation ("ZF Lemforder") filed suit in this court on October 9, 2008, alleging causes of action for breach of contract, quantum meruit, and promissory estoppel against Röchling Automotive Duncan, L.L.P. ("Röchling").

In the complaint, ZF Lemforder alleges that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332, as ZF Lemforder is "foreign corporation organized and existing under the laws of the state of Delaware with its principal place of business in Northville, Michigan," Röchling is "a limited liability partnership [("LLP")] existing under the laws of the state of South Carolina with its principal place of business at 245 Parkway East, Duncan, South Carolina 29334," and the amount in controversy exceeds $75,000. (Compl., generally.) However, the citizenship of an LLP is the citizenship of *all* of its partners. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990).

On October 20, 2008, the court ordered Röchling to provide the citizenship of its partners in order for the court to ascertain whether diversity of citizenship is present. In its reply on October 30, 2008, Röchling indicated that one of the partners, Röechling Automotive, Inc., is

1

a Delaware corporation with its principal place of business in Duncan, South Carolina. ZF Lemforder is also a Delaware corporation. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (explaining that 28 U.S.C. § 1332(a) applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant). Based on the foregoing, complete diversity of jurisdiction is absent in this case. Therefore, this matter is dismissed for lack of subject matter jurisdiction.

  **IT IS SO ORDERED.**

               s/Henry M. Herlong, Jr.
               United States District Judge

Greenville, South Carolina
November 3, 2008